# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA SRACHTA, as appointed administrator of the Estate of Guadalupe M. Spindola, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) Case No. 17-cv-01370 |
| v. | )<br>) Judge Sharon Johnson Coleman |
| DITECH FINANCIAL LLC; MRPIERCE LLC; doing business as McCalla Raymer Pierce – Illinois LLC; PIERCE & ASSOCIATES, P.C., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Patricia Srachta ("Srachta"), as appointed administrator of the Estate of Guadalupe M. Spindola ("Spindola"), Guadalupe and Juan Francisco Valadez ("Valadez Plaintifs"), and Silvia Srachta ("S. S."), by and through their attorney, Kenneth M. DucDuong of KMD Law Office, allege that Defendants, MRPierce, LLC ("MRPierce"), a company that collects debts owed to third parties, doing business as McCalla Raymer Pierce – Illinois LLC, and Ditech Financial LLC("Ditech"), the debt holder, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*. Defendants now move this Court to dismiss Plaintiffs' Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' Joint Motion to Dismiss [16] is granted.

**Background**

The following allegations from Plaintiffs' Amended Complaint and Defendants' Motion to Dismiss are taken as true for the purpose of ruling on the present motion. In 2006, Spindola and her husband purchased a home using a mortgage from Countrywide Home Loans, Inc.. The debt was eventually purchased by Ditech. The loan contract provided that in the case of "Borrower's

breach of any covenant or agreement," "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, *reasonable attorneys' fees and costs of title evidence.*" [18] (emphasis added).[1]  Spindola's husband died in 2008, and she passed away in 2011.  Sometime before April 27, 2016, the mortgage for their home was defaulted.

Around April 27, 2016, MRPierce—the authorized collections agent for Ditech, sent Spindola a letter stating the cost to reinstate the loan as of when the letter was dated and also stating an estimate of the cost to reinstate the loan thirty days later [25-1].  The letter clarified that the estimate reflected the debt as well as the expenses of ongoing services and fees, and it included an attachment itemizing each part of the total.

Ditech filed a foreclosure complaint against Spindola and all other owners and nonrecorded claimants on June 24, 2016.  On August 15, 2016, Srachta petitioned to open a probate action in the Will County Circuit Court.  Plaintiffs' attorney contacted an attorney at MRPierce to inform the company that he represented Spindola's Estate in the foreclosure action two days later.  He requested a copy of the payoff letter from MRPierce on September 28, 2016 via email.  Having received no response, Plaintiffs' attorney followed up on October 3, 2016 with MRPierce about the payoff letter.  The MRPierce's representative asked whether it should be sent to him or the borrower's address.  Plaintiffs' attorney requested that MRPierce email the letter directly to him. On October 5, 2016, MRPierce's mediation processor informed Plaintiffs' lawyer that she did not have the authorization to release the payoff letter to him until he provided them with a copy of his

---

[1] It is well-accepted in this Circuit that documents appended to a 12(b)(6) motion to dismiss do not necessarily convert it to motion for summary judgement under Rule 56.  Instead, it may be considered as part of the pleading so long as the case is aimed at interpreting a contract that has been referred to in a plaintiff's complaint and is central to the claim. *See 188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002); *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).  The Mortgage Agreement was included as an attachment to Defendant's Motion to Dismiss.  As the contract is referenced in the pleadings and germane to Claims II and III, it will be adopted as part of the pleadings and considered in this Court's decision.

appearance. That same day, despite the attorney's request, MRPierce mailed Ditech's payoff statement, which was dated October 3, to Spindola [25-2]. The statement was composed similarly to the reinstatement letter in that it included estimated amounts and detailed break downs of each fee that would be assessed over time.

Srachta was appointed administrator of Spindola's estate for the probate action on October 20, 2016. Guadalupe Valdez, Silvia Srachta and Francisco Valdez are the children and beneficiaries of Spindola.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. *Gardunio v. Town of Cicero,* 674 F. Supp. 2d 976, 983 (N.D. Ill. 2009) (Dow, J.). Put differently, "[t]he issue involved is not whether the claimant is entitled to prevail, but whether the claimant is entitled to offer evidence in support of the claims." *Id.* (citation omitted).

When ruling on a motion to dismiss, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in a plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012). The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n. 14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Analysis**

1. *Count I - Direct communication with a consumer who is represented by an attorney.*

Plaintiffs, Srachta—acting in her capacity as administrator of Spindola's estate, and Spindola's beneficiaries, allege that Defendants violated Section 1692c of the FDCPA by sending a payoff letter for the impending foreclosure debt directly to Spindola instead of her estate's attorney.

Section "1692c restricts debt collectors' communications with and about consumers and is understood to protect only the consumer-debtors themselves." *Todd v. Collecto, Inc.*, 731 F.3d 734, 737 (7th Cir. 2013). A debt collector is liable for communicating with a consumer when they had actual knowledge that "the consumer is represented by an attorney with respect to such debt" and access to "such attorney's name and address." 15 U.S.C. §1692c(a)(2); *see also Randolph v. IMBS, Inc.*, 368 F.3d 726, 729-30 (7th Cir. 2004)).

Generally, "only a person within a statutory provision's 'zone of interest' has standing to sue under it." *Todd*, 731 F.3d at 736 (citing *Harzewski v. Guidant Corp.*, 489 F.3d 799, 803 (7th Cir. 2007). This means that third parties typically do not enjoy the protections of FDCPA "unless that person 'can be said to stand in the consumer's shoes.'" *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 943 (7th Cir. 2011). Under FDCPA, a consumer is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. 1692a(3). For the purposes of Section 1692c, the scope of who is protected from targeted harassment, outside of the debtor-consumer, is limited to a "spouse, parent . . ., guardian, executor, or administrator." 15 U.S.C. 1692c(d); *see Montgomery v. Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003) (internal citation omitted).

Plaintiffs have presented facts to support that their attorney reached out to MRPierce, Ditech's debt collector, and MRPierce was aware that he was the attorney handling the Spindola foreclosure. Additionally, Plaintiffs showed that MRPierce had access to their attorney's contact information, but still sent the payoff letter directly to Spindola—a consumer by definition. This information alone would be sufficient to allege a claim under Section 1692c if Spindola were

4

bringing the suit. Where the claim fails, however, is in applying the harm to Plaintiffs—the representatives of Spindola's estate. The intent of this provision is to punish debt collectors for engaging in harassing practices against debtors. *See Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 602 (7th Cir. 2016) (finding that one of the purposes of Section 1692c(a)(2) is to provide a legal buffer for "[a] debtor who does not want to be pestered by demands for payment, settlement proposals, and so on. . ."). In other words, it is directed at preventing harm to the consumer.

While it was certainly contemplated that members of an estate could assert a claim under Section 1692c, courts have drawn the line, limiting standing to people directly harmed or having some legal authority over the debtor or debt at the time of the harassment. *Cf. Koval v. Harris & Harris, Ltd.,* No. 16-CV-08449, 2017 U.S. Dist. LEXIS 53124, at *4 (N.D. Ill. Apr. 5, 2017) (Tharp, J.). Since the communication in question was not addressed directly to any of the Plaintiffs, it is not possible to impute the injurious practices that Section1692(c)(2) intends to curtail to them. Further, none of the Plaintiffs were formally appointed as administrator when the letter was sent, so they did not have legal authority to receive the correspondence nor any obligation to repay the mortgage debt. While Spindola's children share an interest in the estate as beneficiaries, this relationship was specifically not designated as a party that could stand in the debtor's shoes with respect to Section 1692c(a)(2). 15 U.S.C. §1692c(d). Since Plaintiffs lack standing here, Count I is dismissed.

  2. *Court II - False representation of debt amount.*

In the Second Count, Plaintiffs contend that MRPierce violated Sections 1692e(2)(a) and (10) two times by sending Spindola collection letters that contained false information—not yet incurred attorney fees and costs. Specifically, Plaintiffs believe that MRPierce misrepresented the amount of the debt owed at the time of the letters as a deceptive ploy to collect more money than was owed.

5

Section 1692e bars a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. But for the purposes of this section, "a statement isn't 'false' unless it would confuse the unsophisticated consumer." *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 646 (7th Cir. 2009); *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012).

"[W]hen a debtor has *contractually agreed* to pay attorneys' fees and collection costs, a debt collector may, without a court's permission, state those fees and costs and include that amount in the [collection] letter" without violating the FDCPA. *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 565 (7th Cir. 2004)(emphasis added). Regardless of this right, debt collectors still have an obligation to "clearly and fairly communicate information about the amount of the debt"—to include "how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs." *Id.*

After reviewing the letters [25-1, 25-2], this Court does not find that they could be construed as deceptive or misleading. First, the loan agreement explicitly permits Defendants to collect on attorneys' fees and costs incurred in pursuit of any remedies to the borrower's breach, not just the actual foreclosure. To this end, including the potential attorneys' fees and costs was permissible and not deceptive. Second, both letters indicated a current payoff amount and estimates of a prospective amount that would only come into effect on a specified future date if ongoing services were necessary. Each expense in the prospective total was itemized and explained in the letter. If there was any confusion about the precise amount or what each fee meant, the letter included a customer service number where the borrower could inquire or obtain a refund if they overpaid. It is inconceivable that an unsophisticated consumer would be confused by a letter containing that level of explanation and detail. Therefore, since Plaintiffs have not demonstrated how the correspondences could be false or deceptive, they have failed to allege an actionable violation of

6

FDCPA. *Cf. Fields* , 383 F.3d at 566 (finding that unexplained or non-itemized fees and amounts violate FDCPA).

On the question of standing, Section 1692e does afford broader protections to third parties by permitting "[a] close family member who receives a misleading communication attempting to collect a debt …[to] sue in her individual capacity under § 1692e." *Koval v. Harris & Harris, Ltd.*, No. 16-CV-08449, 2017 U.S. Dist. LEXIS 53124, at *5 (N.D. Ill. Apr. 5, 2017) (Tharp, J.). But as mentioned in the previous section, Plaintiffs did not receive the letters in their individual capacities, nor as persons who could legally "stand in the shoes" of Spindola. Consequently, they do not have standing to bring this claim here either.

For the aforementioned reasons, Plaintiffs fail to allege an actionable claim for relief and Count II is also dismissed.

3. *Count III - Unfair Practice.*

FDCPA also prohibits debt collectors from unlawfully expanding the amount owed. They may not "use unfair or unconscionable means to collect or attempt to collect any debt," including the "collection of any amount [ ] unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f, 1692f(1). Even though attorney's fees can be authorized by contract, debt collectors still have an obligation to fairly communicate the information about the amount of debt and how it was calculated to remain in compliance with FDCPA. *Fields*, 383 F.3d at 565.

Count III complains that Defendants violated Section 1692f(1) of the FDCPA by attempting to collect unauthorized attorney's fees. However, the mortgage agreement definitively authorizes a lender to recover attorneys' fees and costs in the event that the borrower breaches the contract. Additionally, the letter, as mentioned above, clearly outlined the nature of the fees and how they would be applied to the total amount owed, which squarely aligns with the expectations of FDCPA.

*Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596, 598 (7th Cir. 2004). Given these facts, this Court does not see how the letter could be unclear even to an unsophisticated consumer and so, requesting those permissible fees could not be considered false or a misrepresentation.

The clear authority to seek attorneys' fees and costs severely undermines the legitimacy of Plaintiffs' claim. Consequently, Count III is dismissed with [or without] prejudice.

**Conclusion**

Based on the foregoing, this Court grants Defendant's Motion [16] and Plaintiffs' Amended Complaint [25] is hereby dismissed.

IT IS SO ORDERED.

ENTERED:  SHARON JOHNSON COLEMAN
United States District Court Judge

Dated: November 30, 2017